## H. C. MEYERS *v.* EZRA POINTER, ET AL.

**Dower.**

> Where a widow has accepted the provisions of the husband's will she is not entitled to dower.

**Bond for Deed.**

> Where the holder of a title bond has paid for the land he is entitled to, and where the ancestor executed such bond in a proper proceeding, the court should order the heirs to execute a deed, and it is error for the court to order the land sold to pay plaintiff's lien. Plaintiff in such a case is entitled to the conveyance of the land.

APPEAL FROM NICHOLAS CIRCUIT COURT.

January 17, 1879.

OPINION BY JUDGE ELLIOTT:

On the 22nd day of October, 1866, the appellant executed his note to appellee, Evaline Pointer, by which he promised on or before the 1st of March, 1868, to pay her $300, but the note was not to be collected until the appellee and her husband, Ezra Pointer, should cause to be made to appellant a good and sufficient deed to a tract of sixty-two acres of land lying in Nicholas county, and for the title to which appellee, Evaline Pointer, held the title bond of Thomas A. Marshall.

On the 1st day of January, 1872, the appellee brought this suit to recover judgment on the note, and for an enforcement of their lien on the land for its payment.

Their petition was defective because they failed to state that they were able to make a good and sufficient title to the land sold to appellant; and had the appellant stood on his demurrer they had no case in court. But appellant, after his demurrer was overruled, filed his answer and alleged that the plaintiff's title was neither good nor sufficient, for the title was in the heirs of Thomas A. Marshall.

The plaintiffs then amended their petition and admitted that the title was in the heirs of Thomas A. Marshall, and made them and Marshall's widow defendants, alleging that the purchase money had been paid, and asked that they be compelled to convey their title to plaintiffs, as they held Thomas A. Marshall's bond for title. This

was an allegation that appellant had a good and equitable title which they were seeking to perfect, and made an issue on the title.

Thomas A. Marshall's widow answered and claimed dower in the land, and one of his daughters answered and claimed interest in it.

Having accepted the provision of the husband's will, Mrs. Marshall was not entitled to dower, and the purchase money, according to the evidence, having been paid, the court should have ordered them to convey the land according to the stipulations of their ancestor's bond, which it was proved he executed. This the court failed to do, but instead adjudged a sale of the land in satisfaction of the plaintiff's lien, and the judgment allowed interest on the plaintiff's claim from the beginning of this suit and the tender of the deed, and of this appellant complains.

It seems to us that the note sued on was due in no event till the first of March, 1868, and not then until the plaintiff made to defendant a good and sufficient deed. The language of the note imports that such was the contract, and the evidence is almost conclusive that such was the understanding of the parties.

Besides, the deed which appellants say they tendered was not made a part of their petition nor offered in evidence, and not being a part of the record this court cannot say that it conforms to the agreement between the parties. By the judgment the defendant is made to accept the deed tendered, when it is admitted by the plaintiffs that the title is in Marshall's heirs, and the deed tendered is the deed of the plaintiffs, whose title is only equitable.

Under the contract sued on the defendant, Myers, was entitled to a good and sufficient deed before he parted with his money and a good and sufficient deed means a deed conveying a good legal title. The costs were properly adjudged against the plaintiffs. The bond given by the plaintiffs to the nonresident defendants, who were some of Marshall's heirs, makes them incur no responsibility unless the nonresidents should appear and open the judgment within five years from March, 1876, when the judgment was not rendered till July, 1877. This was not such a bond as the Code requires. No errors are perceived prejudicial to appellees on their cross-appeal, and the judgment on the cross-appeal is *affirmed*. But for the errors indicated by appellant, Myers, the judgment is *reversed* and the cause remanded for further proper proceedings.

*Ross & Kennedy*, for appellant.
*Hargiss & Norvall*, for appellees.